# IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

IN RE:

**L&R DEVELOPMENT & INVESTMENT CORP**

**Debtor(s)**

---

**JAVIER HERNANDEZ GONZALEZ, GWENDOLYN BUJOSA GONZALEZ**

**Plaintiff**

**vs.**

**L&R DEVELOPMENT & INVESTMENT CORP; ET AL.,**

**Defendant(s)**

**CASE NO. 16-08792 BKT**

**Chapter 11**

**Adversary No. 17-00027**

<span style="color:red">**FILED & ENTERED ON 05/08/2017**</span>

## OPINION & ORDER

Before the court is Hector Noel Roman-Ramos' ("Removing Defendant") *Notice of Removal* [Dkt. No. 1] of case number CFCD2015-0070 from the Commonwealth of Puerto Rico, Court of First Instance, Arecibo Part, Superior Court ("State Court Case") to the Bankruptcy Court for the District of Puerto Rico pursuant to 28 U.S.C §§ 1334, 1452 and Fed. R. Bankr. P. 9027; Debtor L&R

Development & Investment Corporation's *Opposition to Removal filed by Mr. Ramon Ramos (The Roman Defendants) and Request for Abstention* [Dkt. No. 7] ("Debtor"); Plaintiff's Javier Hernandez Gonzalez and Gwendolyn Bujosa Gonzalez ("Plaintiffs") *Opposition to Removal by Defendant Roman-Perez; Request for Abstention and Remand* [Dkt. No. 9]; and Removing Defendant's *Response to Debtor's Opposition to Removal and Request for Abstention (DKT.7) and Plaintiffs' Opposition to Removal and Request for Abstention and Remand (Dkt 9)*. The matter is deemed submitted.

The Removing Defendant argues that this court's jurisdiction over the State Court Case is absolute as it is intimately and inextricably intertwined with core bankruptcy issues such as the allowance or disallowance of claims, estimation of a claim, and the efficient administration of the estate. Moreover, the resolution of the State Court Case will affect the assets available for distribution to creditors, and it will affect the feasibility of any proposed reorganization plan. He refers to proof of claim number 15-1 and Amended Schedule F filed at docket number 39 in the legal case as evidence to this effect. In addition, the State Court's failure to provide a ruling prior to the confirmation hearing of the legal case could result in Debtor having to estimate the amount of the claim.

Debtor and Plaintiffs' oppositions to the removal of the State Court Case are generally premised on three main arguments: (i) that the cause of action is a non-core proceeding subject to the mandatory abstention provision of 28 U.S.C. 1334(c)(2); (ii) that the State Court Case has been pending in State Court for over a year and a motion for summary judgment is pending resolution before the State Court; and (iii) that State Court Case cannot be adjudicated in an expedited fashion

by the Bankruptcy Court. Notably, Plaintiffs do not consent to the entry of a final order or judgment by the Bankruptcy Court.

The jurisdiction of this court is well trodden ground. Bankruptcy courts have subject matter jurisdiction over proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). District courts may refer to bankruptcy courts "all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a). Section 157 of title 28 defines and distinguishes what are core and non-core proceedings. 28 U.S.C. § 157(b) & (c). See, Roman–Perez v. Operating Partners Co. LLC, 527 B.R. 844, 851 (Bankr. D.P.R. 2015.); In re Caribbean Petroleum Corporation, 443 B.R. 560 (Bankr. D.P.R. 2010) "A core proceeding, for bankruptcy jurisdictional purposes, is an action that has as its foundation the creation, recognition, or adjudication of rights that would not exist independent of a bankruptcy environment." In re Med. Educ. & Health Servs., Inc., 459 B.R. 527, 545 (Bankr. D.P.R. 2011). "If an action would survive outside of bankruptcy, and in the absence of bankruptcy would have been initiated in a state or a district court, then it clearly involves a non-core matter." Scotland Guard Servs. v. Autoridad de Energia Electrica (In re Scotland Guard Servs.), 179 B.R. 764, 767 (Bankr. D.P.R. 1993).

A bankruptcy judge may hear a non-core proceeding that is otherwise related to a case under title 11. 28 U.S.C. § 157(c)(1). However, a bankruptcy judge cannot enter judgment in non-core proceedings and is limited to submitting proposed findings of fact and conclusions of law to the district court. Id. The district court must then review those proposed findings and conclusions de

novo and enter any final orders or judgments. Id. The statute provides for an exception to that rule. A bankruptcy judge may enter the appropriate orders and judgment in a non-core proceeding if all the parties to the action consent to the same. 28 U.S.C. § 157(c)(2).

In this case, Plaintiffs' breach of contract and collection of monies claims are non-core matters because they arose prior to the filing of the bankruptcy petition and did not come into existence due to the filing of bankruptcy. It is uncontested that Plaintiffs sought to collect these claims in state court prior to the filing of the bankruptcy petition. As such, the claims existed and can survive outside of this court. The action to collect monies as a result of a breach of contract does not arise under title 11 as it is does not involve a cause of action created or determined by the Bankruptcy Code. Furthermore, the removed action does not arise in a case under title 11 because it can exist (and in fact arose) outside of the bankruptcy case.

Therefore, collection of monies and breach of contract claims lie within the related to jurisdiction of the bankruptcy court because they involve claims that existed prior to Debtor's petition for bankruptcy, and the result thereof would necessarily affect the rights and liabilities of the Debtor's estate. A breach of contract action that arises prior to the debtor's filing in bankruptcy "involves a right created by state law, a right independent of and antecedent to the reorganization petition that conferred jurisdiction upon a Bankruptcy Court." Northern Pipeline Construction Co. v. Marathon Pipeline Co., 458 U.S. 50, 84. Thus, even where a breach of contract action is one that will drastically affect both the debtor-creditor relationship and the assets of the estate, it is a matter "which, but for the intervention of bankruptcy, could have been brought in a state court," and therefore cannot be styled a core proceeding, as Removing Defendant attempts to do in the present

case. In the Matter of Candelero Sand & Gravel, Inc., 66 B.R. 903, 906 (D.P.R. 1986).

The court deems this matter to be a non-core proceeding and the parties have not consented to the entry of a final judgment in bankruptcy court. This court is limited herein to submitting proposed findings of fact and conclusions of law to the district court.

Our analysis now turns to whether this court should abstain from hearing this proceeding altogether, even though jurisdiction has been established over the controversy. 28 U.S.C. § 1334(c) provides for two types of abstention, mandatory and discretionary (sometimes referred to as permissive). Mandatory abstention under section 1334(c)(2) provides that:

> "upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, "related to" a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated in a State forum of appropriate jurisdiction."

28 U.S.C. § 1334(c)(2).

"Pursuant to section 1334(c)(2), the 'district court must abstain from hearing a purely state law claim where there is no other basis for federal jurisdiction other than its relatedness to a bankruptcy proceeding (including one where the debtor is a party) and where the claim can be timely adjudicated in state court.'" In re Interamericas Turnkey Development Co., Inc., 94 B.R. 9, 13 (Bankr.D.Puerto Rico 1988); C&A, S.E. v. Puerto Rico Solid Waste Mgmt. Auth., 369 BR 87 (D.P.R. 2007); In re Punto Aparte, 2009 WL 249429 (Bankr. D.Puerto Rico 2009). Therefore, in order for mandatory abstention to apply, the proceeding must: 1) be based on a State law claim or cause of action; 2) lack a federal jurisdictional basis absent the bankruptcy; 3) be commenced in a

state forum of appropriate jurisdiction; 4) be capable of timely adjudication; and 5) be a non-core proceeding.  28 U.S.C. § 1334(c)(2).

Having dispensed with factors 1, 2, 3 and 5 above, the court will briefly address the State Court's capacity to timely adjudicate the collection of monies and breach of contract claims, an argument that Removing Defendant frames in an unfavorable light. The State Court Case has advanced through various procedural stages, including discovery, and has progressed to the filing of dispositive motions which are pending adjudication. The potential for complete resolution is within sight. Conversely, the complaint for collection of monies and breach of contract claims in the Bankruptcy Court has yet to be filed. The procedural matters in the required adversary proceeding will delay the legal case, and once concluded must be referred to District Court for a final judgment. This court views that avenue as a waste of judicial resources.

Having found that all of the factors for mandatory abstention under 28 U.S.C. § 1334(c)(2) apply to the present controversy, this court remands the Complaint to the Commonwealth of Puerto Rico, Court of First Instance, Arecibo Part, Superior Court.

SO ORDERED

San Juan, Puerto Rico, this 8th day of May, 2017.

Brian K. Tester
U.S. Bankruptcy Judge